UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDDIE MACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 20-10596-FDS |
| ) | |
| STEVEN SILVA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

**SAYLOR, J.**

On March 23, 2020, *pro se* litigant Eddie Mack, who is incarcerated at MCI Norfolk, filed a document captioned as a "Request for Stay on Habeas Corpus Procedures Pursuant to U.S.C.S. 2254." He requested that the Court "allow him a stay of his habeas corpus proceeding to go back to the state's trial court to exhaust unexhausted federal issues." He alleged that he has habeas claims under the Fourth, Fifth, Sixth, and Fourteenth Amendments that have not yet been exhausted. He also reported difficulty in locating his legal file after a transfer to a different institution. The clerk, lacking authority to grant such a request, assigned the request a docket number.

The Court will deny the request. In the absence of a properly-filed petition under 28 U.S.C. § 2254, there is no case or controversy before the Court to be stayed.

Congress has established a one-year period of limitation for filing a habeas petition under § 2254. *See* 28 U.S.C. § 2244(d). The one-year period runs from the latest of four different dates, including "the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] The limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), but "the filing of a petition for a habeas corpus in federal court does not toll the statute of limitations." *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005).

Under limited circumstances, the one-year limitations period for a § 2254 petition may be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). In addition, where a § 2254 petition contains timely-filed claims that have been exhausted in the state courts and claims that are unexhausted, a federal district court may, in appropriate situations, stay the federal action to allow the petitioner to finish exhausting his claims. *See Rhines*, 544 U.S. at 277-78. However, because Mack has not filed a petition under § 2254, the Court cannot determine whether either of these doctrines would apply to his circumstances.

Accordingly, the "Request for Stay on Habeas Corpus Procedures Pursuant to U.S.C.S. 2254" is DENIED and this action is DISMISSED without prejudice. If Mack wishes to pursue relief under § 2254, he must file a petition. The clerk is directed to provide Mack with the form and instructions for filing a § 2254 petition.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  August 11, 2020

---

[1] Because "direct review" includes review by the United States Supreme Court, the time period under 28 U.S.C. § 2244(d)(1)(A) does not commence until the ninety-day period for requesting a writ of certiorari had elapsed. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Kholi v. Wall*, 582 F.3d 147, 150-51 (1st Cir. 2009); *see also* Sup. Ct. R. 13(1) (indicating that a party has ninety days from entry of judgment to request a writ of certiorari).